IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:06CV193-02
(4:98CR144)

| | |
|---|---|
| LLOYD ANTHONIE WILLIAMS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM <br> AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, and his motions to exceed page limit, and for leave to file affidavits.[1] **Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and Supporting Memorandum, filed June 21, 2006; Petitioner's Motion to Exceed Page Limit, filed June 21, 2006; Petitioner's Motion for Leave to File Affidavit, filed June 21, 2006.** The Respondent has filed opposition to the Petitioner's motion to vacate and

---

[1] The Court granted Petitioner's motion to amend his § 2255 motion by Order filed July 23, 2007.

has moved for summary judgment.  **Respondent's Answer to 28 U.S.C. § 2255 Petition, filed July 11, 2007; Respondent's Motion for Summary Judgment, filed July 11, 2007.**  On July 23, 2007, the Court advised the Petitioner of his responsibilities in responding to the Government's motion for summary judgment pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and permitted him 30 days in which to do so.  **See Order, filed July 23, 2007.**  No response has been filed by the Petitioner.

The Court will grant the Petitioner's motions to exceed the page limit and to file affidavits; however, for the reasons stated below, the Respondent's motion for summary judgment is allowed and the Petitioner's § 2255 motion is dismissed.

## I.  PROCEDURAL HISTORY

Petitioner was charged in a three-count bill of indictment with conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base, using and carrying a firearm during and in relation to that drug trafficking offense, and unlawful possession of a firearm by a felon in violation of 21 U.S.C. §§ 846, 841(a)(1), 18 U.S.C. §§ 924(c)(1) and 922(g).  **Bill of Indictment, filed May 4, 1998.**  The Government alleged

more than 1.5 kilograms of cocaine base and 50 kilograms of cocaine were involved in the conspiracy.  **Information pursuant to 21 U.S.C. § 841(b), filed May 4, 1998.**  The Government also filed a notice of its intention to seek enhanced punishment based upon the Petitioner's three prior felony convictions.  *See* **Information pursuant to 18 U.S.C. § 924(e), filed December 3, 1998.**

On December 7, 1998, a jury found the Petitioner guilty of the unlawful possession of a firearm by a felon as charged in Count Three of the indictment.[2]  **Verdict Sheet, filed December 7, 1998.**  On August 4, 1999, the undersigned sentenced the Petitioner to life imprisonment.  **Judgment in a Criminal Case, filed August 31, 1999.**  The Petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals.  That Court affirmed his conviction, but found this Court committed error by improperly sentencing him as a career offender under U.S.S.G. § 4B1.1 and remanded the case for resentencing.  ***United States v. Williams*, 16 F. App'x 90, 95 (4th Cir.), *cert. denied*, 534 U.S. 938 (2001).**

---

[2] Counts One and Two of the indictment were dismissed upon motion of the Government.

Pursuant to the Circuit's remand, the undersigned resentenced the Petitioner to a term of 300 months imprisonment on October 29, 2001. **Judgment in a Criminal Case, filed November 8, 2001.** The Petitioner appealed this sentence as well; the Fourth Circuit ruled that although this Court properly sentenced the Petitioner as an armed career criminal, it erred when concluding that the Petitioner "used the firearm that was the basis for his [§ 922(g)] conviction in connection with a controlled substance offense." The Circuit ordered the sentence vacated and remanded the case for a second time with instructions that this Court impose a sentence within the range of 235-293 months. ***United States v. Williams*, 57 F. App'x 553, 558 (4th Cir. 2003).** A third sentencing hearing was held on April 29, 2003, at which time the undersigned sentenced the Petitioner to a term of 293 months imprisonment. **Judgment in a Criminal Case, filed May 7, 2003.** The Fourth Circuit affirmed Petitioner's sentence of 293 months on January 20, 2006. ***United States v. Williams*, 162 F. App'x 254, 261 (4th Cir. ),** *cert. denied,* **547 U.S. 1050 (2006).**

On June 21, 2006, Petitioner filed his § 2255 motion attacking his conviction and his 293-month sentence, claiming his sentence violates the Constitution or the laws of the United States because it exceeds the term

-

which this Court was authorized to impose and it was not imposed in consideration of an intervening consent judgment issued by a North Carolina state court; that he was subjected to numerous instances of ineffective assistance of counsel,[3] and that he is "actually innocent of the enhanced sentence imposed upon hi[m] [.]" He also claims to be entitled to an evidentiary hearing.

The Government has responded to the Petitioner's motion and moved for summary judgment, arguing that Petitioner's challenges to his sentence and his assertion of actual innocence are procedurally foreclosed by the Circuit's decision on Petitioner's third challenge to his term of

---

[3] Petitioner claims that trial counsel was ineffective for: (a) having abandoned his defense by counsel's admission that Petitioner had purchased the subject firearm from a child; (b) failing to advise him of his right to testify and refusing to allow him to testify; (c) failing to advise him of the strength of the prosecution's case and to plead guilty to the charge; (d) failing to investigate and object to the prosecution's use of his prior convictions for an enhancement under 18 U.S.C. § 924(e); and (e) failing to object to the absence of a recommendation for a reduction for acceptance of responsibility. Petitioner also claims that another of his attorneys was ineffective at resentencing for: (a) failing to argue that the predicate state convictions did not subject him to sentencing under the Armed Career Criminal Act ("ACCA"); and (b) failing to argue that he was actually innocent of the ACCA. Petitioner further argues that another attorney was ineffective during his third appeal for: (a) failing to fully brief and argue that the modification of two of his prior state convictions precluded his sentencing under the ACCA; and (b) failing to file a supplemental brief arguing that this Court failed to treat the Sentencing Guidelines as advisory.

imprisonment.  ***Williams*, *supra*, 162 F. App'x at 261**.  The Government also argues that Petitioner's allegations against his attorneys, which stem from their alleged failures to secure a lower sentence for him, are likewise procedurally foreclosed by the Fourth Circuit's affirmation of his sentence.  The Government states that Petitioner's remaining claims against counsel are legally baseless and factually foreclosed by the record evidence and, therefore, it is entitled to judgment as a matter of law on all of Petitioner's claims.

On July 23, 2007, the Court entered an Order advising Petitioner of his responsibility to file a response to the Government's motion.  **Order, filed July 23, 2007;** ***see also*, *Roseboro*, *supra*.**  Petitioner was instructed to present to the Court evidence in the form of affidavits or unsworn declarations to show that there was a genuine issue for trial.  **Order, *supra*, at 2.**  He was also warned that his failure to do so could result in the summary dismissal of his action.  ***Id.***  Petitioner was afforded 30 days from the date of the Order to respond; however, more than 30 days have passed since the response deadline, and no response or other motion has been received from the Petitioner.

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant summary judgment when the pleadings and other relevant documents reveal that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  ***See, e.g.**, **Celotex Corp. v. Catrett***, 477 U.S. 317, 322-23 (1986); ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 252 (1986); ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.***, 475 U.S. 574, 587 (1986); ***Miller v. Leathers***, 913 F.2d 1085, 1087 (4th Cir. 1990).

A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."  ***Anderson*, 477 U.S. at 248**.  However, the party opposing summary judgment may not rest upon mere allegations or denials and, in any event, a "mere scintilla of evidence" is insufficient to overcome summary judgment."  ***Id.* at 249-50**.

## III.  DISCUSSION

Petitioner argues he was sentenced beyond the term which the Court was authorized to impose, that the Court failed to consider all of the

relevant information in calculating his sentence, and that he is actually innocent of being an armed career criminal.

However, as the Government persuasively argued in its motion for summary judgment, Petitioner's attacks on his sentence are procedurally foreclosed by the Fourth Circuit's determinations that this Court properly adhered to its mandate when refusing to consider the newly discovered evidence, and that Petitioner properly was subjected to sentencing as an armed career criminal. **Williams, 162 F. App'x at 261.** Thus, inasmuch as Petitioner has failed to establish that these claims still should be considered due to some favorable intervening change in law which can be applied to him, he has failed to demonstrate that he is entitled to a review of the merits of these claims. ***Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (arguments fully considered on direct appeal may not be "recast" and relitigated "under the guise of a collateral attack"); *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) (issues which could have been but were not raised on direct appeal, may not be raised in collateral procedural under § 2255 unless petitioner can establish "cause and prejudice" for such failure or actual, factual innocence); *Bousley v. United States*, 523 U.S. 614, 621**

(1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal citations omitted).

As to Petitioner's allegations of ineffective assistance of counsel, the Government has attached to its motion for summary judgment a statement from Petitioner's trial counsel which refutes these allegations.  *See* **Letter dated May 17, 2007, from Tony E. Rollman,** *attached to* **Government's Motion for Summary Judgment.**  By failing to file any type of response or affidavit to show a genuine issue of material fact, the Court finds Petitioner has failed to establish any merit to his claims of ineffective assistance of counsel.  Other than Petitioner's conclusory allegations, the record is void of any evidence of deficiency by his former attorneys or that he was prejudiced by his former attorneys' conduct.  *See* S*trickland v. Washington*, 466 U.S. 668, 687 (1984) (to succeed on claim of ineffective assistance of counsel, defendant must show both that counsel was deficient and that such deficiency prejudiced the defense); *Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994) (a showing of prejudice requires the defendant to establish that there is a reasonable probability that, but for counsel's unprofessional efforts, the result of the proceeding would have been different).

Consequently, the Court finds that the Government's motion for summary judgment must be granted and Petitioner's request for an evidentiary hearing be denied.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motions to exceed page limit and for leave to file affidavits are **GRANTED.**

**IT IS FURTHER ORDERED** that the Respondent's motion for summary judgment is **ALLOWED**, the Petitioner's motion to vacate filed pursuant to § 2255 is **DENIED**, and his request for an evidentiary hearing is likewise **DENIED.**

A Judgment dismissing this action is filed herewith.

Signed: October 2, 2007

Lacy H. Thornburg
United States District Judge