# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## SHELBY DIVISION

### CRIMINAL NO. 4:98CR144

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | <u>O R D E R</u> |
| ) | |
| LLOYD ANTHONIE WILLIAMS ) | |

**THIS MATTER** is before the Court on Defendant's "Response to Order of U.S. Probation Officer Robert C. Thacker," filed November 7, 2007, which is construed by the Court as a request to modify and/or correct the presentence report filed herein.

Defendant was indicted on May 4, 1998, and charged with three counts of being a felon in possession of a firearm. He pled not guilty and was convicted by a jury on December 7, 1998. Following several appeals and re-sentencing attempts, he eventually received a final sentence of 293 months imprisonment. **Judgment in a Criminal Case, filed May 7, 2003;** *see also*, *United States v. Williams*, 162 F. App'x 254, 256 (4th Cir.), *cert. denied*, 547 U.S. 1050 (2006).

On April 23, 2003, shortly before Defendant's final round of sentencing in April and May 2003, the Cleveland County Superior Court entered a consent judgment modifying two of Defendant's prior convictions in that court. **Consent Judgment Modifying Original Sentence, entered April 23, 2003,** *attached to* **Defendant's Response.** Defendant's original judgment in Cleveland County stated that he was convicted of two counts of *selling* cocaine, and the April 23 judgment stated he should have been convicted of two counts of *possessing* cocaine – a result consistent with Defendant's plea bargain at the time. *Id.*

Defendant filed a copy of the state court consent judgment with the United States Probation Office, along with a list of objections to his presentence report. These documents were considered by this Court in the course of his sentencing. The Court, however, specifically elected not to take the Cleveland County Superior Court's modifications into account, because the Fourth Circuit had mandated in an earlier ruling that the undersigned sentence Defendant in the Guideline range of 235-293 months imprisonment. ***Williams, supra.*** This application of the "mandate rule" was unavoidable, absent exceptions into which Defendant's case did not fall. *Id.*

In the instant motion, Defendant alleges that the Bureau of Prisons (BOP) is mistakenly relying on his mistaken sale of cocaine convictions (as opposed to the proper cocaine *possession* convictions) in making determinations as to his custody and security classification, job assignments, and parole eligibility.[1]  **Defendant's Response to Order of U.S. Probation Officer Robert C. Thacker, filed November 7, 2007, at 2.** He bases his arguments on *Sellers v. Bureau of Prisons*, which requires the BOP to take reasonable steps to ensure the accuracy of easily verifiable information in an inmate's prison record.  **959 F.2d 307, 312 (D.C. Cir. 1992).**

*Sellers*, however, does not aid Defendant's motion.  The instant motion was filed in the course of criminal proceedings and asks this Court to revise Defendant's presentence report.  The inmate in *Sellers*, by contrast, filed a civil suit against the BOP alleging that prison officials had violated the Privacy Act, 5 U.S.C. § 552(e)(5).  It is well-settled that *Sellers* is not persuasive authority with respect to criminal pleadings or motions, such as Defendant's.  **United States v. Davis, 233 F. App'x 944, 946 (11th Cir. 2007); c.f. Rowsey v. Swinson, 156 F.3d 1244 (table), 1998 WL**

---

[1] Parole has been abolished in the federal system.

**482800 (10th Cir. 1998) (holding that the district court should have considered an inmate's civil complaint as alleging a claim under the Privacy Act).** As the instant motion states no other basis for relief, it is meritless.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Response," construed as a request for modification and/or correction of the presentence report herein, is hereby **DENIED**.

Signed: November 27, 2007

Lacy H. Thornburg
United States District Judge