# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE (FORMERLY SHELBY) DIVISION
# CRIMINAL CASE NO. 4:98-cr-00144-MR

| | |
|---|---|
| LLOYD ANTHONIE WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court upon the Petitioner's "Motion Pursuant to New Supreme Court's <u>Descamps v. United States</u>, 133 S.Ct. 2276 (2013) May Be Applied Retroactively" [Doc. 155] and "Request Permission to Supplement" [Doc. 154].

## I.    PROCEDURAL BACKGROUND

The Petitioner was originally sentenced to life imprisonment, after having been convicted by a jury of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, and use of a firearm during that drug crime, in violation of 18 U.S.C. § 924(c).  Petitioner appealed his conviction and sentence, and the Court of Appeals affirmed the conviction but vacated the judgment and remanded for resentencing because

Petitioner was improperly sentenced as a career offender. See United States v. Williams, 16 Fed. App'x 90 (4th Cir. 2001).

Petitioner was re-sentenced as an Armed Career Criminal ("ACC") to 300 months' imprisonment in October 2001. The Fourth Circuit affirmed his status as an ACC, but again vacated the sentence for the erroneous use of an enhancement and remanded yet again for resentencing. United States v. Williams, 57 F. App'x 553 (4th Cir. 2003). He was then re-sentenced to 293 months' imprisonment, and the Fourth Circuit affirmed the sentence on appeal. United States v. Williams, 162 F. App'x 254 (4th Cir. 2006).

Petitioner filed his first 28 U.S.C. § 2255 petition on June 21, 2006, which this Court denied [see Civil Case No. 1:06-cv-00193-MR, Doc. 11]. The Fourth Circuit affirmed. United States v. Williams, 307 F. App'x 726 (4th Cir. 2009). Petitioner filed a second § 2255 petition on August 15, 2011, which the Court dismissed as a successive petition [see Crim. Case No. 4:98-cr-00144-MR, Doc. 139]. The Fourth Circuit affirmed this dismissal as well. United States v. Williams, No. 12-7049, 2012 WL 5395327 (4th Cir. Nov. 6, 2012).

Petitioner filed a third § 2255 petition on August 17, 2012. The Court dismissed this petition as successive [see Crim. Case No. 4:98-cr-00144-

MR, Doc. 147], and the Fourth Circuit again affirmed. United States v. Williams, 520 F. App'x 174 (4th Cir. Apr. 30, 2013). The United States Supreme Court denied Petitioner's writ of certiorari on November 12, 2013. Williams v. United States, 134 S.Ct. 629 (2013).

The Petitioner filed his present motion on January 14, 2014 challenging his conviction and sentence in light of Descamps v. United States, 133 S.Ct. 2276 (2013) and seeking the appointment of counsel. While the Petitioner does not style this motion as one under § 2255, he argues that such motion is timely pursuant to 28 U.S.C. § 2255(f)(3). As such, the Court concludes that Petitioner once again seeks to challenge his conviction and sentence pursuant to 28 U.S.C. § 2255.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The AEDPA, however, provides a specific limitation on a prisoner's ability to bring a second or successive motion under § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the

> appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion; therefore, this Court is without jurisdiction to consider the merits of the present motion, and it will be dismissed.

To the extent that the Petitioner seeks the appointment of counsel to represent him, this request is denied for the reasons previously stated in the Court's Order of October 1, 2013 denying Petitioner's request for the appointment of counsel [see Doc. 153].

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct.

1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that Petitioner's "Motion Pursuant to New Supreme Court's Descamps v. United States, 133 S.Ct. 2276 (2013) May Be Applied Retroactively" [Doc. 155] is **DISMISSED** as an unauthorized, successive Section 2255 motion. To the extent that Petitioner's Motion [Doc. 155] requests the appointment of counsel, such request is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "Request Permission to Supplement" [Doc. 154] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**   Signed: January 17, 2014

Martin Reidinger
United States District Judge