# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 4:98-cr-00144-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| LLOYD ANTHONIE WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's "Petition . . . for Resentencing under 18 U.S.C. § 3582(c)(2) . . . Request for Appointment of Counsel . . . and Request for Hearing on Motion" [Doc. 161].

In his motion, the Defendant moves pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 433 of the United States Sentencing Guidelines. Amendment 433, however, became effective on November 1, 1991 -- nearly ten years before the Defendant was sentenced. Section 3582 allows the Court to modify a sentence based on a sentencing range that was "subsequently" lowered. 18 U.S.C. § 3582(c)(2) As Amendment 433 was already in effect by the time that the

Defendant was sentenced, his request for relief under § 3582(c)(2) must be denied.  See United States v. Fareed, No. Crim. 04-499, 2006 WL 624895, at *2 (D.N.J. Mar. 9, 2006).

Even if the Defendant could seek relief under § 3582(c)(2), he is not entitled to any reduction of his sentence based on Amendment 433.  That Amendment amended U.S.S.G. § 4B1.2, which in pertinent part defines the term "crime of violence" for the purpose of U.S.S.G. § 4B1.1, the career offender guideline.  Specifically, the Amendment added a sentence to the commentary of U.S.S.G. § 4B1.2 stating that "[t]he term 'crime of violence' does not include the offense of unlawful possession of a firearm by a felon." See Stinson v. United States, 508 U.S. 36, 39 (1993) (quoting U.S.S.G. App'x C, p. 253 (Nov. 1992)).  Here, the Defendant was initially sentenced as a career offender, but the Fourth Circuit determined that this designation was in error because his instant conviction under 18 U.S.C. § 922(g) did not qualify as a "crime of violence" under § 4B1.1.  United States v. Williams, 16 F. App'x 90, 93 (4th Cir. 2001).  Accordingly, the Fourth Circuit remanded this matter for resentencing.[1]  Because the Defendant already has received the benefit of Amendment 433, his motion must be denied.

---

[1] On remand, the Court determined that the Defendant should instead be sentenced as an armed career criminal.  On a second appeal, the Fourth Circuit affirmed the Court's

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 161] is **DENIED.**

**IT IS FURTHER ORDERED** that the Defendant's request for the appointment of counsel and for a hearing [Doc. 161] are also **DENIED**.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge

---

armed career criminal designation but remanded the case with specific instructions that this Court impose a term of imprisonment within the range of 235-293 months. United States v. Williams, 57 F. App'x 553, 558 (4th Cir. 2003). On remand, this Court imposed a sentence of 293 months, which was affirmed on appeal. United States v. Williams, 162 F. App'x 254, 261 (4th Cir. 2006).