# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Criminal Case No. 4:98-cr-00144-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LLOYD ANTHONIE WILLIAMS, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** comes before the Court on the Defendant's "Motion under Federal Rule of Criminal Procedure 36" [Doc. 173].

The Defendant requests correction of a "clerical error" in his Presentence Report pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Specifically, the Defendant argues that after he was originally sentenced in the present case, a state court granted his Motion for Appropriate Relief and downgraded two of the predicate convictions that were used to qualify the Defendant as an armed career criminal from Class H to Class I felony drug convictions. The Defendant contends that the Court should correct the Presentence Report to reflect this modification and further that the Court should then determine how this modification affects any of the Court's previous rulings. [Doc. 173].

Rule 36 of the Federal Rules of Criminal Procedure provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "Rule 36 motions apply only to clerical errors and are not the proper vehicle for challenging the substance of the information in a presentence report . . . ." United States v. Wilkes, 376 F. App'x 295, 296 (4th Cir. 2010) (per curiam). Instead, such challenges must be made in the form of objections to the presentence report, which objections must be filed within fourteen days of receiving the document. See Fed. R. Crim. P. 32(f).

Here, while the Defendant classifies the subsequent modification of his state convictions as a "clerical error," he is in fact asserting a substantive challenge to the calculation of his Guidelines range based on these offenses. Because the time for making such objections has long since passed, the Court lacks jurisdiction to entertain the Defendant's motion. See United States v. Davis, No. PJM 00-0424, 2012 WL 8466126, at *1 (D. Md. Nov. 2, 2012).

Further, although styled as a Rule 36 motion, the Defendant is attacking the same criminal judgment that he challenged in his prior § 2255 motions. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003)

(noting that "new legal arguments or proffers of additional evidence will usually signify that the prisoner is . . . continuing his collateral attack on his conviction or sentence"). The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain —

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Here, the Defendant previously has filed at least five motions to vacate pursuant to 28 U.S.C. § 2255, all of which were denied and dismissed. The Defendant has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to proceed with a successive § 2255 motion. This Court is therefore without jurisdiction to consider a successive petition under § 2255. See In re Vial, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc).

For the foregoing reasons, the Defendant's Rule 36 motion is denied. Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases,

the Court declines to issue a certificate of appealability as the Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion under Federal Rule of Criminal Procedure 36" [Doc. 173] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge