# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00115-MR
# (CRIMINAL CASE NO. 4:98-cr-00144-MR-1)

| | |
|---|---|
| LLOYD ANTHONIE WILLIAMS, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 1]. No response from the Government is necessary. For the reasons that follow, the Court finds that this is an unauthorized, successive petition. The Court therefore dismisses the Motion to Vacate.

**I.    BACKGROUND**

Petitioner was originally sentenced to life imprisonment, after having been convicted by a jury of possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). [Crim. No. 4:98-cr-00144-MR ("CR"), Doc. 55]. Petitioner appealed his conviction and sentence, and the Fourth Circuit Court of Appeals affirmed the conviction but vacated the

sentence and remanded because Petitioner was improperly sentenced as a career offender. See United States v. Williams, 16 F. App'x 90 (4th Cir. 2001).

Petitioner was re-sentenced as an Armed Career Criminal ("ACC") to 300 months' imprisonment in October 2001. The Fourth Circuit affirmed his status as an ACC, but vacated the sentence because the trial court erroneously included another enhancement in its calculation of the Guideline Range and again remanded for re-sentencing. United States v. Williams, 57 F. App'x 553 (4th Cir. 2003). He was then re-sentenced to 293 months' imprisonment, and the Fourth Circuit affirmed the sentence on appeal. United States v. Williams, 162 F. App'x 254 (4th Cir. 2006).

Petitioner filed his first 28 U.S.C. § 2255 petition on June 21, 2006, which this Court denied. [Civil Case No. 1:06-cv-00193-MR, Doc. 11]. The Fourth Circuit dismissed Petitioner's appeal and denied a certificate of appealability. United States v. Williams, 307 F. App'x 726 (4th Cir. 2009). Petitioner filed a second Section 2255 petition on August 15, 2011, which the Court dismissed as a successive petition. [CR Doc. 138]. The Fourth Circuit again dismissed Petitioner's appeal and denied a certificate of appealability. United States v. Williams, 487 F. App'x 80 (4th Cir. 2012).

Petitioner filed a third Section 2255 petition on August 17, 2012, challenging his designation as an ACC under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). On January 17, 2013, this Court denied that petition as successive and further denied Petitioner's alternative claims under Section 2241 and the writs of *coram nobis* and *audita querela*. [CR Docs. 144, 147].

On January 14, 2014, Petitioner filed a "Motion Pursuant to New Supreme Court's Descamps v. United States," which this Court dismissed as an unauthorized successive petition on January 17, 2014. [CR Docs. 155; 156].

Petitioner filed the instant Section 2255 petition (his fifth) on April 22, 2016, again challenging his conviction and sentence in Criminal Case No. 4:98-cr-00144-MR. In the instant petition, Petitioner seeks relief under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After

having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is dismissed as successive.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED** as a successive petition. Petitioner is advised that if he wishes to file a successive Section 2255 petition raising his Johnson claim, he must first obtain permission from the Fourth Circuit Court of Appeals to file such successive petition.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**   Signed: April 28, 2016

Martin Reidinger
United States District Judge