# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00152-MR
# [CRIMINAL CASE NO. 4:98-cr-00144-MR]

| | |
|---|---|
| LLOYD ANTHONIE WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 and Motion for Immediate Release [Doc. 1].

With authorization from the Fourth Circuit Court of Appeals [Criminal Case No. 4:98-cr-00144-MR, Doc. 178], the Petitioner files this successive motion under 28 U.S.C. § 2255 to vacate his 2003 sentence, which he received after a jury convicted him of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The Petitioner was sentenced to a term of imprisonment of 293 months pursuant to the Armed Career Criminal Act (ACCA), which calls for a mandatory minimum sentence of 15 years for any "person who violates section 922(g) and has three previous

convictions . . . for a violent felony or a serious drug offense . . . ." 18 U.S.C. § 924(e)(1).

In his motion to vacate, the Petitioner contends that in light of the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015), his prior conviction for assault with a deadly weapon inflicting serious injury under North Carolina law no longer qualifies as a "violent felony." He also contends that his two 1991 North Carolina drug convictions no longer qualify as "serious drug offenses" in light of the Fourth Circuit's decisions in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and United States v. Newbold, 791 F.3d 455 (4th Cir. 2015).

In its response, the Government argues that the Petitioner is not entitled to any relief under Johnson, as the Petitioner's conviction for assault with a deadly weapon inflicting serious injury remains a violent felony under the ACCA. The Government further contends that the Petitioner's challenge to his drug convictions is not cognizable on a successive petition under § 2255, as such challenge was not authorized by the Fourth Circuit under 28 U.S.C. § 2244. The Government concedes, however, that the Petitioner's challenge to his drug convictions under Simmons is redressable under a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Accordingly, the Government contends that the Court should convert the Petitioner's

motion to a petition for habeas corpus, grant the petition, and order the Petitioner resentenced without application of the Armed Career Criminal Act. [Doc. 4].

Without the Armed Career Criminal enhancement, the Petitioner is subject to a statutory maximum sentence of 120 months. The Petitioner states that he has already served more than 18 years, well over the statutory maximum. Accordingly, for the reasons stated in the Government's Response, the Court will convert the Petitioner's motion to a petition for habeas corpus, grant the petition, and resentence the Petitioner to a term of 120 months' imprisonment. It is the intention of the Court that this resentencing will result in the expeditious release of the Petitioner from the Bureau of Prisons.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Vacate [Doc. 1] is converted to a petition for habeas corpus pursuant to 28 U.S.C. § 2241 and is **GRANTED**.

**IT IS FURTHER ORDERED** that the Petitioner's sentence of 293 months' imprisonment is hereby **VACATED**, and the Petitioner is hereby resentenced to a term of 120 months' imprisonment with a subsequent term of supervised release of three (3) years. All other remaining provisions of

the Petitioner's Judgment [Criminal Case No. 4:98-cr-00144-MR, Doc. 91] shall remain in full force and effect.

The Clerk of Court is directed to certify copies of this Order to counsel for the Government, counsel for the Petitioner, the United States Bureau of Prisons, the United States Marshals Service, and the United States Probation Office. The Clerk of Court is further directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 20, 2016

Martin Reidinger
United States District Judge