THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 4:98-cr-00144-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| LLOYD A. WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Defendant's Motion to Modify/Terminate Supervised Release pursuant to 18 U.S.C. § 3583(e)(1). [Doc. 182].

On June 20, 2016, this Court granted the Defendant relief pursuant to 28 U.S.C. § 2241, concluding that in light of Johnson v. United States, 135 S.Ct. 2551 (2015), the Defendant no longer qualified as an armed career criminal. The Defendant's sentence of 293 months was vacated, and he was resentenced to a term of 120 months' imprisonment, which resulted in his expeditious release from the Bureau of Prisons. The Defendant is now serving a three-year term of supervised release.

The Defendant now returns to this Court, arguing that he should not be subjected to *any* term of supervised release because he served a prison term in excess of the maximum statutory sentence he should have received for his § 922(g) conviction. [Doc. 182].

The Supreme Court rejected a similar argument in United States v. Johnson, 529 U.S. 53 (2000). In that case, the defendant requested that his term of supervised release be shortened in order to compensate for the extra time he served in prison on a conviction that was later vacated. The Supreme Court rejected the defendant's request, noting that "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release. Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." Id. at 1118-19. While concluding that prison time and a term supervised release were not interchangeable, the Court went on to note that a district court in its discretion nevertheless could modify a defendant's conditions of supervised release under 18 U.S.C. § 3583(e)(2) or terminate a defendant's term of supervised release "at any time after the expiration of one year ... if it is satisfied that such action is warranted by the conduct of

the defendant released and the interest of justice." <u>Johnson</u>, 529 U.S. at 1119 (citing 18 U.S.C. § 3583(e)(1)).

In the present case, the Defendant has only begun his term of supervised release. Accordingly, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release at this time.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Modify/Terminate Supervised Release pursuant to 18 U.S.C. § 3583(e)(1) [Doc. 182] is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 26, 2016

Martin Reidinger
United States District Judge